**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GATEWAYS TO CHANGE, INC.

v. C.A. No. 05-120ML

KATHLEEN SPANGLER, IN HER CAPACITY AS DIRECTOR OF THE RI DEPARTMENT OF MENTAL HEALTH, RETARDATION & HOSPITALS; AND THROUGH HER THE RI DEPARTMENT OF MENTAL HEALTH, RETARDATION & HOSPITALS

**ANSWER OF KATHLEEN SPANGLER, IN HER CAPACITY AS DIRECTOR OF THE RI DEPARTMENT OF MENTAL HEALTH, RETARDATION & HOSPITALS; AND THROUGH HER THE RI DEPARTMENT OF MENTAL HEALTH, RETARDATION & HOSPITALS**

1. This Defendant admits the allegations contained in paragraphs 1, 2, 4, 5, 6, and 7 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Parties, Individuals and Entities."
2. This Defendant admits the allegations contained in paragraph 3 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Parties, Individuals and Entities" to the extent that MHRH is department established pursuant to Chapter 40.1 of R.I.G.L. and, among other things is charged with responsibility to fund, administer and coordinate a system of services for R.I. citizens with disabilities. This Defendant denies the remaining allegations contained in paragraph 3.
3. This Defendant admits the allegations contained in paragraph 8 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part One" to the extent that Ms. Kahn has held the title of Executive Director of DDD for over ten (10)



3

years. This Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 8 and leave plaintiff to their proof of the same.

4. This Defendant admits the allegations contained in paragraph 9 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part One" to the extent that during Ms. Kahn's tenure as Executive Director of DDD, R.I. has shifted its system to a community based system that includes private agencies running group homes or providing services to people in their own homes, apartments and communities. This defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 9 and leave plaintiff to their proof of the same.

5. This Defendant admits the allegations contained in paragraph 10 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part One" to the extent that from approximately 1995 through approximately August 2003, Ms. Kahn reported directly to Ms. Power, the Director of MHRH. This Defendant denies the remaining allegations contained in paragraph 10.

6. This Defendant makes no response to the allegations contained in paragraphs 11, 12, 13, 14, 16, 17, 22, 23, and 27 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part One" to the extent that such allegations are made on behalf and against third parties and no response is necessary or required.

7. This Defendant denies the allegations contained in paragraph 15, 18, 19, and 20 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part One."

8. This Defendant admits the allegations contained in paragraphs 21, 24, 25 and 26 of that

portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part One."

9. This Defendant denies the allegations contained in paragraph 28 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part Two" to the extent that it alleges that plaintiff reported the cited matter to the Office of Quality Assurance before 2003. This Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 28 and leave plaintiff to its proof of the same.

10. This Defendant denies the allegations contained in paragraphs 29 and 34 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part Two."

11. This Defendant admits the allegations contained in paragraph 30 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part Two" to the extent that it has received numerous complaints against plaintiff. This Defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 30.

12. This Defendant makes no response to the allegations contained in paragraph 31 and 32 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part Two" to the extent that such allegations are made on behalf and against third parties and no response is necessary or required.

13. This Defendant admits the allegations contained in paragraph 33 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Two" to the extent that MHRH promulgated and adopted new Regulations in February 2004 in accordance

with Rhode Island General Laws section 42-35-3. These Regulations were entitled Licensing Procedure and Process for Facilities and Programs Licensed by the Department of Mental Health, Retardation and Hospitals.

14. This Defendant admits the allegations contained in paragraphs 35 and 42 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: Spangler takes control of DDD."

15. This Defendant admits the allegations contained in paragraph 36 of that portion of plaintiff's Amended Complaint entitled "General Allegations as to Facts – Part Three: Spangler takes control of DDD" to the extent that Ms. Spangler was appointed to the position of Acting Director of MHRH in March, 2004. This defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 36.

16. This Defendant admits the allegations contained in paragraph 37 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: Spangler takes control of DDD" to the extent that upon Ms. Spangler's appointment as Acting Director of MHRH Ms. Kahn was required to report directly to her. This defendant denies the remaining allegations contained in paragraph 37.

17. This Defendant makes no response to the allegations contained in paragraphs 38 and 43 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: Spangler takes control of DDD" to the extent they seek to paraphrase documents, the contents of which speak for themself and no response is necessary or required.

18. This Defendant denies the allegations contained in paragraphs 39, 40, 41, 44, 45, and 46

of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: Spangler takes control of DDD."

19. This Defendant denies the allegations contained in paragraphs 47, 48, 49, 54, 56, 58, 59, 60, 61, 64 and 65 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom 'waiting list'."

20. This Defendant admits the allegations contained in paragraphs 50 and 51 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom 'waiting list'" to the extent that certain providers questioned whether the length of time between determining eligibility and notification of funding level complied with federal and state law. This defendant denies the remaining allegations contained in paragraphs 50 and 51.

21. This Defendant admits the allegations contained in paragraph 52 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom 'waiting list'" to the extent Ms. Kahn alleged the existence of such a list. This defendant denies the remaining allegations contained in paragraph 52.

22. This Defendant admits the allegations contained in paragraph 53 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom 'waiting list'"to the extent that MHRH officials deny and have denied the existence of a "waiting list," including in testimony in 2004 before the R.I. General Assembly. This Defendant denies the remaining allegations contained in paragraph 53.

23. This Defendant admits the allegations contained in paragraph 55 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom

'waiting list'" to the extent that in the fall of 2004 a number of individuals were notified that they were eligible to receive services and that the funding had been authorized. This Defendant denies the remaining allegations contained in paragraph 55.

24. This Defendant admits the allegations contained in paragraph 57 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom 'waiting list'."

25. This Defendant admits the allegations contained in paragraphs 62 and 63 of that portion of plaintiff's Amended Complaint entitled "General Allegations – Part Three: the phantom 'waiting list'" to the extent that upon Ms. Kahn's return from an extended leave of absence three (3) weeks early, Ms. Spangler decided to continue having the day to day operations run by the individual who had run the operations in Ms. Kahn's absence and that Ms. Kahn, as the Executive Director of DDD would formulate the Rules and Regulations for the Division. This Defendant denies the remaining allegations contained in paragraph 62 and 63.

26. This Defendant denies the allegations contained in paragraphs 66, 67, and 68 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – Family Involvement."

27. This Defendant makes no response to the allegations contained in paragraphs 69, 70, 71, and 72 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – The 'Show Cause Hearing' Notice" to the extent they seek to paraphrase documents and statutes, the contents of which speak for themself and no response is necessary or required.

28. This Defendant denies the allegations contained in paragraphs 73, 74, 75 and 76 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – The 'Show Cause Hearing' Notice."

29. This Defendant denies the allegations contained in paragraphs 77 and 79 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – Treatment of Quality Assurance Reports."

30. This Defendant admits the allegations contained in paragraph 78 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – Treatment of Quality Assurance Reports" to the extent that providers are required in some circumstances to report "incidents" to MHRH's Quality Assurance. This Defendant denies the remaining allegations contained in paragraph 78.

31. This Defendant denies the allegations contained paragraph 80 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – the ISP Issue" to the extent it alleges that the entire scope of services that must be provided to a client is contained in his or her ISP. This Defendant admits the remaining allegations contained in paragraph 80.

32. This Defendant denies the allegations contained in paragraph 81 of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – the ISP Issue."

33. This Defendant denies the allegations contained in paragraph 82 and 83 *{sic}* of that portion of plaintiff's Amended Complaint entitled "Additional Allegations as to Gateways – Interference with the right to counsel."

34. This Defendant denies the allegations contained in paragraph 83 *{sic}* of that portion of plaintiff's Amended Complaint entitled "Count I."

35. This Defendant denies the allegations contained in paragraph 84 of that portion of plaintiff's Amended Complaint entitled "Count II."

36. This Defendant makes no response to the allegations contained in paragraphs 85, 86 and 87 of that portion of plaintiff's Amended Complaint entitled "Count III" to the extent they seek to paraphrase documents and statutes, the contents of which speak for themself and no response is necessary or required.

37. This Defendant denies the allegations contained in paragraphs 88 and 89 of that portion of plaintiff's Amended Complaint entitled "Count III."

38. This Defendant denies the allegations contained in paragraph 90 of that portion of plaintiff's Amended Complaint entitled "Count IV."

39. This Defendant denies the allegations contained in paragraphs 91 and 92 of that portion of plaintiff's Amended Complaint entitled "Count V."

**AFFIRMATIVE DEFENSES**

This Defendant affirmatively plead absolute and qualified immunity to the within complaint.

This Defendant affirmatively pleads that Plaintiffs' complaint fails to state a claim upon which relief may be granted.

To the extent that Defendant are not otherwise immune from liability, which is expressly denied, the monetary limitations on damages set forth in RIGL § 9-31-1 et seq. applies to this action.

Pursuant to § 9-31-1, et seq., Plaintiff's claims for costs are barred with respect to the State.

Defendants,
By their attorney,

Marc DeSisto, Esq. #2757
DESISTO LAW
211 Angell Street
Providence, RI 02906
(401) 272-4442
Fax: 272-9937
E-Mail: marc@desistolaw.com

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the within was mailed, postage prepaid on this 23rd day of March 2005 to:

Gary R. St. Peter, Esq.
St. Peter & Kasle
Four Richmond Square
Providence, RI 09203

Richard G. Galli, Esq.
224 Cindyann Drive
East Greenwich, RI 02818