**Affidavit of Richard Galli**

1. I am licensed to practice law in Rhode Island, and am an attorney of record for Gateways in this case.

2. I prepared and have reviewed the chronology of events and documents that appears in table form in Gateways' Memorandum and aver that they fairly and accurately reflect the matters depicted therein.

3. I have also reviewed the statements of "undisputed fact" concerning MHRH's "reporting" and other statistical data, referenced in its Memorandum, and aver that those assertions have not been made to us previously, nor have they been explained to us, nor have we been given access to any of the raw data or estimates upon which the statements are based, nor do we believe that they accurately describe the situation as to which they were offered for support.

4. Nor have we been provided with the opinion of any expert, any witness or any other person concerning that information, with the exception of the *contradictory* facts and opinion expressed by Douglas Stone in his affidavit, which we have provided to the Court in support of our objection to the Motion for Summary Judgment. Based on his first-hand knowledge of the source of the data, we contest their accuracy and their import.

5. There are only two attorneys who have represented Gateways in this matter. I am one and Gary St. Peter is the other. Contrary to MHRH's averment in "undisputed fact" number 4, I was not "offered a Show Cause hearing and monitoring procedure" in draft form or in any other form at any time before the Notice was served on my client; and Mr. St. Peter has sworn that neither was he. While discussions have been going on between counsel for the parties for a long time – as they should – I was not asked by MHRH to review or comment on the Notice of Show Cause process until after MHRH made the unilateral decision to serve it; whereupon I filed an objection to the process that has continued uninterrupted to this date.

6. Contrary to the assertion contained in "undisputed fact" number 5, I did not provide "assistance" in the preparation of the Show Cause Notice; and according to his affidavit neither did Mr. St. Peter.

7. Although "undisputed facts" number 7 and 8 make it seem as if the objection/notice of appeal that I filed was handled in the "ordinary course of business" within the Rules governing contested cases at MHRH, in fact it has been a long, complicated and arduous process to compel MHRH to apply those Rules and to manage the appeal in a sensible way.

8. Although "undisputed fact" number 9 correctly states that my appeal from the Show Cause Notice is currently pending, the fact is that were it not for the intervention of the Federal Court at a preliminary conference in this matter, MHRH would have persisted in its intention

to hold the hearing on the merits <u>before</u> permitting a hearing officer to hear and decide our objection to the process. Even with the guidance of the Federal Court, MHRH's decision not to try the merits of the case before hearing the procedural argument was not communicated until less than one day before the trial was to start.

**Richard Galli**

Subscribed and sworn to before me this 8th day of July, 2005.

Notary Public