**Affidavit of Gary St. Peter**

1. I am licensed to practice law in Rhode Island, and am an attorney of record for Gateways in this case.

2. I have reviewed the chronology of events and documents that appears in table form in Gateways' Memorandum and aver that they fairly and accurately reflect the matters depicted therein.

3. I have also reviewed the statements of "undisputed fact" concerning MHRH's "reporting" and other statistical data, referenced in its Memorandum, and aver that those assertions have not been made to us previously, nor have they been explained to us, nor have we been given access to any of the raw data or estimates upon which the statements are based, nor do we believe that they accurately describe the situation as to which they were offered for support.

4. Nor have we been provided with the opinion of any expert, any witness or any other person concerning that information, with the exception of the *contradictory* facts and opinion expressed by Douglass Stone in his affidavit, which we have provided to the Court in support of our objection to the Motion for Summary Judgment. Based on his first-hand knowledge of the source of the data, we contest their accuracy and their import.

5. There are only two attorneys who have represented Gateways in this matter. I am one and Richard Galli is the other. Contrary to MHRH's averment in "undisputed fact" number 4, I was not "offered a Show Cause hearing and monitoring procedure" in draft form or in any other form at any time before the Notice was served on my client; and Mr. Galli has sworn that neither was he. While discussions have been going on between counsel for the parties for a long time – as they should – I was never asked by MHRH (although I requested the opportunity) to review or comment on the Notice of Show Cause process -- until after MHRH made the unilateral decision to serve it; whereupon Richard Galli filed an objection to the process that has continued uninterrupted to this date. I had asked that I be allowed to review in advance any pleading that MHRH intended to file, in case disagreements over substance or form could be resolved, but MHRH's attorneys declined to provide me with a draft prior to its service on my client.

6. Contrary to the assertion contained in "undisputed fact" number 5, I did not provide "assistance" of any kind in the preparation of the Show Cause Notice; and according to his affidavit neither did Mr. Galli. I did ask that I be allowed to review in advance any pleading that MHRH intended to file, in case disagreements over substance or form could be resolved, but MHRH's attorneys declined to provide me with a draft prior to its service on my client.

7. MHRH staff told me that the Notice of Show Cause Hearing process was a "novel" one that had not previously been used against a provider. For more than two decades I have concentrated my legal work in this area, and I have represented most of the providers

licensed to provide supports through the Department of Developmental Disabilities. I had never seen nor heard of a process such as the "Notice of Show Cause Hearing" until after it was served on Gateways.

8. Gateways holds licenses issued by MHRH, to provide supports within the Division of Developmental Disabilities (DDD). I believe there are more than 25 similarly situated providers who hold licenses issued by MHRH to perform supports within DDD.

**Gary St. Peter**

Subscribed and sworn to before me this 8th day of July, 2005.

Kimberly A. Peters
Notary Public